### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER COBB, | * | |
| Reg #71257-019 | * | |
| | * | |
| Petitioner, | * | |
| v. | * | No. 2:20-cv-00014-LPR-JJV |
| | * | |
| DEWAYNE HENDRIX, Warden | * | |
| Forrest City Federal Correctional Institution, | * | |
| | * | |
| Respondent. | * | |

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy or the original of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  BACKGROUND

Mr. Cobb filed the instant § 2241 Petition on January 23, 2020. (Doc. No. 1.) He claims the Bureau of Prisons (BOP) has violated his constitutional rights by falsely classifying him under the "Greatest Severity" level of their Offense Severity Scale and placing him in low security confinement, as opposed to placement in the satellite prison "camp" for minimum-security offenders. (*Id.*) Because § 2241 is not the proper vehicle for Petitioner's claim and there is no due process violation here, I recommend his Petition be dismissed.

### II.  ANALYSIS

Relief under § 2241 shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "If 'it plainly appears from the petition [and any attached exhibits] that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading." *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). Habeas Rules 2 and 4 are applicable to § 2241 petitions through Rule 1(b). To avoid summary dismissal of a § 2241 petition, a petitioner

must state facts that "point to a real possibility of constitutional error" or violation of federal law. *Mayle*, 545 U.S. at 655. Here, I find Mr. Cobb's Petition is without merit and, based on *Mayle*, summary dismissal is appropriate.

Even in squarely addressing the substance of Mr. Cobb's claim, there is no due process violation here. "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976) (quoted in *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), and *Sandin v. Conner*, 515 U.S. 472, 480 (1995)). Mr. Cobb has not established that his assignment to the Greatest Severity PSF has subjected him to "atypical and significant hardship." *Sandin*, 515 U.S at 484. Additionally, Congress has delegated to the BOP the authority to determine a prisoner's classification and place of confinement to the BOP. See 28 C.F.R. § 0.96; BOP Program Statement 5100.08, Inmate Security Designation and Custody Classification. A prisoner possesses no liberty interest in a particular custody level or place of confinement. *See, e.g., Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Hewitt*, 459 U.S. at 466-67; *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Meachum v. Fano*, 427 U.S. 215, 224-25, (1976); *Montanye*, 427 U.S. at 242. Accordingly, no liberty interest attached to Mr. Cobb with the assignment of Greatest Severity PSF. Because no due process violation is implicated by his placement, I recommend this Petition be dismissed.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No such showing has been made here, and no certificate of appealability should issue.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Cobb's Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED with prejudice.

2. A certificate of appealability not be issued.

SO ORDERED this 19th day of February 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE