**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**CHRISTOPHER COBB**
Reg #71257-019                                                                                                    **PLAINTIFF**

v.                              Case No. 2:20-cv-00014-LPR

**DEWAYNE HENDRIX**                                                                                **DEFENDANT**

### ORDER

On January 23, 2020, Plaintiff Christopher Cobb filed a Petition for Writ of Habeas Corpus. (Doc. 1). United States Magistrate Judge Joe J. Volpe filed Proposed Findings and Recommendations ("the Recommendation") on February 19, 2020. (Doc. 4). Judge Volpe recommended that Mr. Cobb's Petition be dismissed with prejudice. (*Id.* at 4). Mr. Cobb filed an Objection to the Recommendation. (Doc. 5). Around this time, the COVID-19 virus struck and caused prisons to take quarantine measures to protect inmates' health. Mr. Cobb expressed his desire to supplement his Objection but asked for numerous extensions of time to do so because the prison quarantine prevented him from accessing the prison library. (Docs. 6, 8, 10). The Court granted these requests. (Docs. 7, 9, 11). On July 28, 2020, Mr. Cobb filed a Supplement to his Objection. (Doc. 12). After reviewing the Objection and Supplement, and reviewing both the Recommendation and the record *de novo*, the Court ADOPTS Judge Volpe's Recommendation.

The Court wants to explicitly emphasize something that was implicit in the Recommendation. Mr. Cobb asserted that the severity level of his offense (and the related security/custody classification) directly impacts how much good time credit he can earn. (Doc. 1 at 1). He stated that the Bureau of Prisons ("BOP") rated him as a "greatest severity risk" because

the BOP wrongly classified firearms related to his offense as "sophisticated weaponry." (*Id.* at 3). Mr. Cobb believes that rating hinders his ability to earn good time credits, which would permit him to serve less prison time. Prisoners are generally entitled to due process protections as set forth in *Wolff v. McDonnell* when prison disciplinary proceedings deprive them of good time credits. 418 U.S. 539 (1974). Accordingly, if Mr. Cobb were correct that his offense severity level designation (and thus his security/custody classification) negatively affected his ability to earn good time credits, he might have a viable claim here. However, Mr. Cobb's assertion regarding his severity level designation (and security/custody classification) depriving him of good time credits is incorrect. Severity level designations (and security/custody classifications) are entirely distinct from good time credit-earning classifications.

For federal prisoners held in the BOP system, Title 18 of the United States Code § 3624(b) governs good time credits. That statute provides that a prisoner serving a term longer than one year may earn up to fifty-four (54) days of credit per year if the prisoner "has displayed exemplary compliance with institutional disciplinary regulations." 18 U.S.C.A. § 3624(b). *See also Barber v. Thomas*, 560 U.S. 474, 483 (2010) (upholding the BOP's good conduct credit calculation). Meanwhile, security designations and custody classifications are governed by 18 U.S.C. § 3621, which authorizes the BOP to designate the facility where the prisoner will serve his or her sentence. Section 3621(b) provides that the BOP "shall designate the place of the prisoner's imprisonment, and shall, subject to bed availability, *the prisoner's security designation*, the prisoner's programmatic needs . . . ." (emphasis added). These designation decisions "take into account a number of factors including the level of security and staff supervision the inmate requires, and the level of security and staff supervision the institution provides." U.S. DEP'T OF JUST., FED. BUREAU OF PRISONS, LEGAL RESOURCE GUIDE TO THE FEDERAL BUREAU OF PRISONS, 16-17

(2014). Custody designations also consider medical care needs, program needs (educational substance abuse treatment, etc.), and various administrative factors ("current bed space capacity, proximity to the inmate home location, judicial recommendations, separation needs, and security measures required to ensure the safety of victims, witnesses, and the general public.") *Id.* Notably, the statutes and BOP policy documents regarding good time credit calculations do not list custody classifications or security designations as a factor. And the custody designations do not mention any impact on good time credit calculation. *See* U.S. DEP'T OF JUST., FED. BUREAU OF PRISONS, NO. 5100.08, INMATE SECURITY DESIGNATION AND CUSTODY CLASSIFICATION (2019). Based on the statutes and the BOP's explanations of its policies, Mr. Cobb's severity level designation (and security/custody classification) does not impact his good conduct credit classification. As a result, for the claims in this case, his constitutionally-protected liberty interests are not impacted and relief under § 2241 is not appropriate.

Because Mr. Cobb's severity level designation (and security/custody classification) does not determine his good time credit, the Court cannot provide relief to Mr. Cobb under § 2241. "In order to obtain relief under § 2241, Appellant must establish that he is being held in custody in violation of the Constitution or laws or treaties of the United States." *Marti v. Nash*, 227 F. App'x 148, 150 (3d Cir. 2007). In *Marti v. Nash*, the appellant argued "that the assignment of the public safety factor 'greatest severity' [wa]s erroneous and [] prevented him from being placed at a minimum security level." *Id.* The Court determined that "[b]ecause Appellant has no due process right to any particular security classification . . . federal habeas relief is unavailable." *Id.* (internal citation omitted).[1]

---

[1] Mr. Cobb cited to *Apprendi v. New Jersey* in his Petition. (Doc. 1 at 3). To the extent that Mr. Cobb raises an *Apprendi* challenge, § 2241 is not the right vehicle for that. *See U.S. ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061 (8th Cir. 2002) (determining that petitions for writs of habeas corpus under 28 U.S.C. § 2241 may not raise *Apprendi* claims).

Accordingly, the Court ADOPTS Judge Volpe's Recommendation (Doc. 4) and Mr. Cobb's Petition is DENIED. (Doc. 1).

IT IS SO ORDERED this 14th day of September 2020.

*[signature]*

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE